NOT FOR PUBLICATION                                              CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KARL JONES,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 04-5625 (JLL)

INTAROME FRAGRANCE CORP.,
ET AL.,                                                     **OPINION**

        Defendants.

**LINARES**, District Judge.

Currently before the Court is a motion to confirm the arbitration awards issued by Judge William A. Dreier (retired) on September 29, 2006 and October 20, 2006, filed by Defendants Intarome Fragrance Corporation ("Intarome"), Intarome Fragrance Corporation ESOP, and Daniel G. Funsch, individually and as Administrator of the Intarome Fragrance Corporation ESOP. Plaintiff, Karl Jones, has filed an opposition to this motion. The Court has considered the parties' submissions and decides this matter without oral argument. See Fed. R. Civ. P. 78. For the following reasons, Defendants' motion is granted.[1]

I.     **Factual and Procedural History**

Plaintiff was employed by Intarome from 1987 through September 7, 2004 as a "senior perfumer" and later, as "vice president perfumery." On September 7, 2004, Intarome, acting through Mr. Funsch, terminated Plaintiff's employment after Plaintiff exhibited a lack of candor in response to inquiries about his activities with Intarome's competitor, Belwood Aromatics, a

---

[1] The parties do not dispute that this Court, the venue in which Plaintiff's complaint was originally filed, and which subsequently compelled the parties to submit to arbitration, has jurisdiction to hear the instant motion.

company founded by a former Intarome employee.

Plaintiff filed a complaint in this Court on November 17, 2004 against Defendants alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; age discrimination; wrongful termination; and breach of an employment contract.[2]

On January 11, 2005, Defendants moved to stay and compel arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in accordance with the arbitration clause in a February 16, 2002 employment contract between Plaintiff and Intarome.  By letter opinion and order dated April 26, 2005, Magistrate Judge Ronald J. Hedges found that the FAA applied to this matter, granted Defendants' motion, stayed the proceedings, and compelled the parties to attend arbitration.  Plaintiff did not appeal Judge Hedge's decision to the undersigned.

Instead, both parties signed an Agreement for Binding Arbitration in January 2006.  This agreement states, among other things, that the parties agreed that the Honorable William A. Dreier (retired) would serve as arbitrator of their dispute.  Further, this agreement indicates that Judge Dreier's decision will be "final and binding" upon the parties.

The parties proceeded to arbitration before Judge Dreier.  The arbitrator reviewed various written materials submitted by the parties and heard extended arguments from counsel on September 18, 2006 as to whether summary judgment should be granted in favor of Defendants.  Following his review, Judge Dreier issued a written opinion on September 29, 2006.  In sum, Judge Dreier found that on September 7, 2004, Plaintiff lied to Intarome about his contacts with Belwood Aromatics.  Plaintiff told Intarome, acting through Mr. Funsch, that he had never been

---

[2] Plaintiff also sought injunctive relief, which was denied by the undersigned on December 22, 2004.

in Belwood's building, except maybe to relieve himself when walking past, and that he had never taken money from Belwood Aromatics.  In actuality, not only did Intarome's security consultant, which Intarome hired after suspicions arose as to Plaintiff's contacts with Belwood, see Plaintiff enter Belwood Aromatics with large red envelope in his hands, Plaintiff later admitted to doing work for Belwood and receiving payment from the company.

      Based on this information, Judge Dreier found that it was reasonable for Defendants to believe that Plaintiff had materially breached the terms of his employment contract, which prohibits, among other things, the disclosure of confidential and proprietary information, as well as requires Plaintiff to devote his best efforts to Intarome's business.  Accordingly, Judge Dreier found in favor of Defendants, determining that Plaintiff's termination was proper.  Specifically, Judge Dreier interpreted the agreement as granting Defendants the right to terminate Plaintiff for cause, and found that, due to the foregoing, such cause existed at the time of Plaintiff's firing.  Based on Plaintiff's conduct, Judge Dreier concluded that Plaintiff forfeited his rights to any and all benefits under the employment contract.  After finding in favor of Defendants, Judge Dreier gave both parties the opportunity to be heard on the issue of allocation of arbitration fees and costs.

      Defendants subsequently filed a motion with Judge Dreier for the allocation of arbitration costs and counsel fees.  They requested that all costs and fees be assessed against the Plaintiff.  It appears that Plaintiff failed to file his own such application for Judge Dreier's consideration or oppose Defendants' application.  By letter opinion dated October 20, 2006, Judge Dreier ordered Plaintiff to pay $15,392.50 to Defendants for their counsel fees.  He further determined that his arbitration fees were $12,542.85.  It appears the each party was initially responsible for paying

one-half of Judge Dreier's fees; however, Judge Dreier ordered Plaintiff to reimburse Defendants for their share of the fees, namely, $6,271.42. Judge Dreier explained that his authority to assess such fees against Plaintiff stemmed from paragraph 8 of the employment agreement, paragraph 1 of the arbitration agreement, and the Rules of the American Arbitration Association, made applicable to the arbitration by paragraph 3 of the February 9, 2006 Initial Status and Scheduling Order.

Defendants now ask the Court to confirm Judge Dreier's September 29, 2006 and October 20, 2006 arbitration awards and thus, order Plaintiff to pay Defendants $21,663.92. Plaintiff has opposed Defendants' motion to confirm these awards; however, Plaintiff has not filed a motion to vacate the awards.³

## II.     Legal Discussion

Section 9 of the Federal Arbitration Act ("FAA") states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.*

9 U.S.C. § 9 (emphasis added).

### A.     Plaintiff failed to timely file a notice of motion to vacate the arbitration awards

Pursuant to the FAA, Plaintiff has ninety days after an arbitration award is filed or delivered to serve a notice of motion to vacate such award. 9 U.S.C. § 12 ("notice of motion to

---

³ Although Plaintiff appears to ask the Court to vacate the arbitration awards in his papers, he did not file a notice of motion, as required by L. Civ. R. 7.1, asking the Court to vacate the awards in question.

vacate, modify, or correct an award must be served upon an adverse party or his attorney within three months after the award is filed or delivered"). Since the awards at issue were rendered by Judge Dreier on September 29, 2006 and October 20, 2006, Plaintiff's time to file a notice of motion to vacate, modify, or correct these awards has expired. Thus, the Court must confirm these awards pursuant to section 9. See, e.g., Jeereddi A. Prasad, M.D., Inc. Retirement Plan Trust Profit Sharing Plan v. Investors Associates, Inc., 82 F. Supp. 2d 365, 367-68 (D.N.J. 2000).[4]

## B.Plaintiff fails to demonstrate that the arbitration awards should be vacated

In any event, even if the Court should consider whether Plaintiff has provided sufficient reasons for the Court to vacate the awards at issue, the Court will confirm Judge Dreier's arbitration awards.[5] Plaintiff has the burden of proving that Judge Dreier's awards should be vacated. See, e.g., Lebeau v. Oppenheimer Co., Inc., No. 05-6779, 2006 WL 1737379, at *2 (E.D. Pa. June 23, 2006) ("The party moving to vacate an arbitration award bears the burden of

---

[4] Even if the Court were to allow Plaintiff's opposition brief, which was filed on January 17, 2007, to substitute for a formal motion to vacate, Plaintiff still would be out of time to challenge Judge Dreier's September 29, 2006 decision, which represents the entire substantive ruling on the issues in this matter. This time period would have expired on approximately December 29, 2006.

Furthermore, both the employment agreement at issue and the January 2006 arbitration agreement between the parties refer to the application of New Jersey law. To the extent that the New Jersey limitations period for filing a motion to vacate an arbitration award should apply, instead of the ninety-day period set forth in the FAA, Plaintiff still appears to be out of time. See N.J.S.A. § 2A:23A-13(a) (indicating that a motion to vacate must be filed in the superior court within forty-five days of the award's delivery).

[5] Plaintiff does not appear to ask the Court to modify or correct Judge Dreier's arbitration awards pursuant to 9 U.S.C. § 11. In any event, Plaintiff fails to provide any basis for modification or correction of the award pursuant to section 11.

proof."). A court may not vacate an arbitration award merely because it views the merits of the claims differently or because the court feels that the arbitrator made a factual or legal error. See, e.g., Major League Umpires Ass'n v. American League of Professional Baseball Clubs, 357 F.3d 272, 280 (3d Cir. 2004); News America Publications, Inc. Daily Racing Form Division v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990). Instead, arbitration awards are entitled to a strong presumption of correctness which can only be overcome in limited circumstances, as outlined in section 10 of the FAA and in common law principles adopted by the Third Circuit. See Major League Umpires, 257 F.3d at 280-81; see also Edward Mellon Trust v. UBS Painewebber, Inc., No. 2:06-CV- 0184, 2006 WL 3227826, at *3 (W.D. Pa. Nov. 6, 2006).

      Section 10(a) of the FAA provides that a court may vacate an arbitration award:

(1)     where the award was procured by corruption, fraud, or undue means;
(2)     where there was evident partiality or corruption in the arbitrators, or either of them;
(3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

      In addition to the above-referenced statutory bases for vacating an arbitration award, the Third Circuit has created two common law grounds for vacating an arbitration award. See, e.g., Edward Mellon Trust., 2006 WL 3227826, at *3. First, an arbitrator's manifest disregard for the

law, as opposed to a legal error, is sufficient to warrant vacating an arbitration award.  See, e.g., Major League Umpires, 357 F.3d at 280; Bender v. Smith Barney, Harris Upham & Co., 901 F. Supp. 863, 870 (D.N.J. 1994).  Courts will only find manifest disregard for the law in extremely narrow circumstances.  See, e.g., Bender, 901 F. Supp. at 870.  In order to vacate an arbitration award on such grounds, there must be absolutely nothing in the record to justify the arbitrator's decision.  See, e.g., News America Publications, 918 F.2d at 24; Edward Mellon Trust, 2006 WL 3227826, at *3.  If the arbitrator has arguably applied or construed the contract at issue, the court must enforce the award.  See, e.g., News America Publications, 918 F.2d at 24.  Second, vacatur is permitted if the award is completely irrational.  See, e.g., Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd., 868 F.2d 52, 56 (3d Cir. 1989); Edward Mellon Trust, 2006 WL 3227826, at *3.

     Plaintiff fails to show that Judge Dreier's September 29, 2006 or October 20, 2006 arbitration awards should be vacated on any of the above grounds.  He does not allege that the awards were procured by corruption, fraud, or undue means.  Further, Plaintiff does not claim that Judge Dreier lacked the requisite impartiality.  At best, Plaintiff's brief, which makes no reference to 9 U.S.C. § 10 and only fleeting reference to the common law manifest disregard for the law basis for vacating an arbitration award, can be read to make the following arguments:

(1)     Judge Dreier's September 29, 2006 determinations that (a) Defendants had the right to terminate Plaintiff for cause, despite the absence of an explicit right to do so in the employment agreement; and (b) Plaintiff's untruthfulness to Defendants regarding his involvement with Belwood constituted sufficient cause to terminate Plaintiff, represented a manifest disregard of the law;

(2)     Judge Dreier acted improperly and prejudiced Plaintiff in resolving Defendants' summary judgment motion on September 29, 2006 without first holding a

      plenary hearing with live testimony;

(3) Judge Dreier lacked jurisdiction to consider whether Plaintiff's material breach of his employment agreement and discharge resulted in the forfeiture of purported ERISA pension benefits worth $850,000.00 pursuant to the Intarome Employee Stock Ownership Plan; and

(4) Judge Dreier's award of all costs against Plaintiff in his October 20, 2006 decision was burdensome to Plaintiff and constituted a manifest disregard for the law.[6]

With respect to the foregoing, first, Plaintiff fails to demonstrate that Judge Dreier's determination that Defendants had the right to terminate Plaintiff for cause and that Plaintiff's conduct in this case constituted sufficient cause manifestly disregarded the law. Judge Dreier interpreted the provisions of the employment contract at issue in this manner and explained his reasoning at length in his decision, applying principles of contract law. Plaintiff's argument in this regard is really that Judge Dreier's interpretation of the relevant contract law principles was legally erroneous. Even if Plaintiff was correct on this point, as discussed above, such would not be sufficient to warrant vacating Judge Dreier's award. The award will not be vacated on this basis.

Further, Plaintiff fails to establish that Judge Dreier's failure to hold a plenary hearing before resolving Defendants' summary judgment motion was in error, and if so, was a

---

[6] The Court disregards the barrage of legal arguments that Plaintiff's attorney, Jack S. Dweck, Esq., chose to slip into his Certification as opposed to arguing, with appropriate legal authority, in his brief. See L. Civ. R. 7.2(a) ("Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both.").

sufficiently egregious error to warrant vacating the arbitration award. Plaintiff does not even claim that he requested such a hearing. Even if he did make such a request, Plaintiff provides no evidence or authority to support a conclusion that Judge Dreier's actions in adjudicating Defendants' summary judgment motion constituted the requisite misconduct or a manifest disregard of the law. Judge Dreier considered all of the written materials submitted by the parties, including the parties' respective statements of facts; the parties' briefs; Certification by Robert R. Ritter, Esq., with attached exhibits; Certification of Sanford Beck, with attached exhibits; Certification of Richard Reynolds, with attached exhibits; Affidavit of Plaintiff Karl Jones; and copies of various deposition transcripts. He also presided over an extended oral argument on the issues between the parties. Judge Dreier expressly gave Plaintiff the benefit of all reasonable, legitimate inferences, and ultimately found that Plaintiff's own submissions revealed that Defendants were justified in terminating Plaintiff's employment. Therefore, the Court refuses to vacate the arbitration award on this ground.

In addition, Plaintiff's claim that Judge Dreier lacked jurisdiction to consider whether Plaintiff's conduct resulted in the forfeiture of a purported $850,000.00 in pension benefits is rejected. Judge Dreier's September 29, 2006 decision makes no specific reference to these pension benefits. Instead, on pages 18 through 19, Judge Dreier indicates that by breaching the employment agreement, Plaintiff forfeited his rights to any and all benefits he was entitled to under the agreement. Plaintiff's argument in this regard is belated and unavailing. Plaintiff agreed in January 2006 to arbitrate all claims arising out of his employment dispute with Defendants before Judge Dreier. If Plaintiff felt that Judge Dreier did not have the jurisdiction to consider this particular issue, Plaintiff should have raised his jurisdictional objection before

Plaintiff lost the arbitration.  See Teamsters Local Union No. 764 v. J.H. Merritt and Co., 770 F.2d 40, 42-43 (3d Cir. 1985); see also Bender, 901 F. Supp. at 869-70 (refusing to vacate an arbitration award on the ground that the arbitrator lacked jurisdiction to consider a claim where the plaintiff failed to object on this basis during the arbitration and thus, waived any objections to the arbitrator's jurisdiction).  Plaintiff is not entitled to wait and see how the arbitration turns out before making such a jurisdictional argument.[7]  Thus, the Court will not vacate the award on this basis either.

Lastly, Plaintiff's gripes with Judge Dreier's October 20, 2006 decision that Plaintiff was responsible for reimbursing Defendants for their attorney's fees incurred during the arbitration and for their share of the arbitration costs are rejected.  Plaintiff claimed that the arbitration would be financially burdensome to him during the proceedings before Judge Hedges on the motion to compel arbitration.  In fact, Plaintiff made the same argument before Judge Hedges, and cited the same cases cited in his instant papers, Shankle v. B-G Maintenance Mgmt. of Colorado, Inc., 163 F.3d 1230 (10th Cir. 1999) and Cole v. Burns Int'l Securities Services, 105

---

[7] To the extent that Plaintiff, in his brief, is attempting to blame Defendants for not raising an issue about Plaintiff's pension benefits or blame Judge Dreier for not explicitly addressing this issue, this argument is also rejected.  It was *Plaintiff's* responsibility to raise this issue before Judge Dreier.  In fact, it appears from Defendants' submissions on the instant motion that Plaintiff argued during the summary judgment procedures that he was entitled to these benefits.  If Plaintiff felt that Judge Dreier's finding that Plaintiff forfeited all of his benefits under the employment agreement due to his conduct was erroneous, Plaintiff had the responsibility of filing a motion to modify or correct the decision, as contemplated by the arbitration agreement signed by the parties in January 2006, or potentially challenge the decision by other means.  Thus, the Court does not address the merits of Defendants' argument that Plaintiff was not entitled to the pension benefits at issue because they had not vested pursuant to the Employee Stock Ownership Plan at the time of Plaintiff's discharge.

F.3d 1465 (D.C. Cir. 1997), for the proposition that the financial burden of arbitration would prevent Plaintiff from effectively vindicating his rights.  Judge Hedges explicitly rejected this argument in his April 26, 2005 letter opinion, stating that Plaintiff failed to demonstrate that arbitration would be financially burdensome to him.  See Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 90-92 (2000).  Plaintiff did not appeal Judge Hedges's decision to the undersigned.  Plaintiff also failed to file papers with Judge Dreier on the issue of allocation of attorney's fees and arbitration costs after losing the arbitration.  Plaintiff now belatedly claims that the imposition of such costs upon him would be burdensome and manifestly disregard the law.  Plaintiff has provided no basis for these assertions or for a finding that this award should be vacated on any other ground.  Thus, the October 20, 2006 award will not be vacated.

**III.    Conclusion**

In conclusion, Judge Dreier's September 29, 2006 and October 20, 2006 arbitration awards are confirmed.  Plaintiff is ordered to submit to Defendants $21, 663.92 pursuant to the directives in such awards.  This matter is closed.  An appropriate order accompanies this opinion.

Dated:  April 27, 2007

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE